SCUDI & AYERS, LLP
Morgan J.C. Scudi (#147942)
J. Ray Ayers (#217706)
Lucas Mundell (#310367)
5440 Morehouse Drive, Suite 4400
San Diego, CA  92121
Ph:  (858) 558-1001
Fx:  (858) 558-1122

*Attorneys for Plaintiff,*
*Roque "Rocky" De La Fuente*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUE "ROCKY' DE LA FUENTE, | **CASE NO. 2:16-cv-02877-JAM-GGH** |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| ALEX PADILLA, in his official capacity as The Secretary of State of the State of California | **Fed. R. Civ. P. 15; L.R. 220** |
| Defendant. | |

1. Plaintiff, ROQUE "ROCKY" DE LA FUENTE (hereinafter either "Roque De La Fuente" or "Mr. De La Fuente"), by and through his undersigned legal counsel, file this civil action for prospective equitable relief against defendant, ALEX PADILLA, in his official capacity as the Secretary of State for the State of California, requesting permanent injunctive relief enjoining defendant from: (1) enforcing additional qualifications for presidential electors beyond those set forth and permitted under Article II, Section 1, Clause 2 of the United States Constitution (hereinafter the "Elector Qualification Clause"); and (2) enforcing different certification standards for presidential electors for different candidates for the Office of President of the United States in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. Plaintiff alleges that defendant enforced and continues to enforce additional qualifications beyond those set forth for presidential electors in the Elector Qualification Clause which only provides that no "Senator or Representative, or Person holding an Office of Trust or Profit under the United States shall be appointed an Elector."

3. Plaintiff alleges that defendant, acting on an illegitimate animus, intentionally imposed requirements on the certification of plaintiff's 2016 slate of presidential electors which defendant selectively chose not to enforce against slates of presidential elector filed by other candidates in 2016 in violation of rights guaranteed to plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4. As a direct and proximate result of defendant's selective enforcement of California and federal law, defendant refused to tabulate any write-in votes cast for plaintiff for President of the United States in the 2016 California general election.

5. Plaintiff has announced that he intends to seek the 2020 Democratic Party nomination for President of the United States.

6. Plaintiff has also announced that in the event he does not secure the 2020 Democratic Party nomination for President of the United States, he will run as an independent and/or write-in candidate for President of the United States in the 2020 general election.

7. Accordingly, whether as a major political party nominee, independent candidate or write-in candidate for President of the United States, plaintiff will submit to defendant a slate of presidential electors for the 2020 presidential general election.

8. Plaintiff respectfully requests that this Court permanently enjoin defendant from: (1) enforcing additional qualifications for presidential electors beyond those established and authorized under the Elector Qualification Clause; and (2) enforcing different qualification and certification standards for presidential electors in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## JURISDICTION

9. Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

10. Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as plaintiff alleges violation of rights guaranteed to him under the Elector Qualification Clause of Article II, Section 1, Clause 2 of the United States Constitution and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## VENUE

11. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C. § 1391 as defendant exercises his authority within the Eastern District of California, maintains an office within this district and all of the operative acts or omissions have or will occur in this district.

## PARTIES

12. Plaintiff, Roque "Rocky" De La Fuente, is a registered member of the Democratic Party in the State of Florida and was an independent candidate for President of the United States in the 2016 general election. Plaintiff is a natural-born citizen of the United States of Mexican-American heritage. Plaintiff is a resident of the State of Florida residing at 625 West Winter

3
AMENDED COMPLAINT

1  Park Street, Orlando, Florida.  Plaintiff is a candidate for the office of President of the United
2  States in the 2020 general election.
3       13.   Defendant, Alex Padilla, is the California Secretary of State.  Defendant is a
4  registered member of the Democratic Party and publicly endorsed Hillary Clinton for President
5  of the United States.  Defendant is the supervisor and chief election official for the State of
6  California and charged with enforcement of California's election laws.  Specifically, defendant is
7  charged with enforcement of federal and state laws governing the filing and certification of
8  candidates for presidential electors to be elected in the general election.  Defendant's place of
9  business is located at 1500 11th Street, Sacramento, CA  95814.

**FACTUAL ALLEGATIONS**

12      14.   Plaintiff is a registered Democrat and was an independent candidate for the office
13  of President of the United States in the 2016 general election.
14      15.   Plaintiff has announced that he will seek the 2020 Democratic Party nomination
15  for President of the United States.
16      16.   Plaintiff has also announced that if he does not secure the 2020 Democratic Party
17  nomination for President of the United States he will run as an independent candidate for
18  President of the United States.
19      17.   Plaintiff funded his 2016 candidacy for President of the United States from his
20  own economic resources.
21      18.   Recruiting plaintiff's slate of 57 presidential electors for California's 2016
22  presidential general election imposed a significant economic cost on plaintiff.
23      19.   In order to avoid additional and unnecessary expenditures for plaintiff's 2020
24  candidacy for President of the United States, in 2020, plaintiff will timely file a slate of 55
25  presidential electors with defendant comprised entirely of individuals recruited by plaintiff in
26  2016 and included on plaintiff's slate of 57 presidential electors that defendant refused to certify
27  for the 2016 presidential general election as a direct and proximate result of defendant's conduct
28  challenged in this action

20. Prior to plaintiff's 2016 independent campaign for President of the United States, plaintiff was a candidate on the California Democratic Presidential primary election ballot seeking the Democratic Party's 2016 nomination for President of the United States opposing eventual nominee Hillary Clinton.

21. Plaintiff appeared as a candidate for the office of President of the United States on the general election ballots in twenty (20) states and ran as a write-in candidate in states where he did not qualify to have his name appear directly on the general election ballot.

22. The California Election Code requires that candidates for the office of President of the United States timely file a slate of 55 qualified presidential electors in order to appear on the general election ballot or, in the case of write-in candidates, to have votes cast for them to be tabulated and included in the official election results.

23. The California Election Code requires that defendant review and certify each slate of 55 presidential electors filed by prospective candidates seeking election to the office of President of the United States.

24. Section 7300 of the California Election Code requires major political parties to file their slate of presidential electors for the 2016 general election on or before October 1, 2016.

25. The California Republican Party is a major political party and filed their slate of 55 presidential electors for the 2016 general election on October 3, 2016.

26. One of the 55 presidential electors filed by the California Republican Party held an "Office of Trust" with the federal government and was disqualified to serve as a presidential elector.

27. Despite the constitutional defect, defendant certified the California Republican Party's slate of 55 presidential electors.

28. Section 8652 of the California Election Code requires write-in candidates for the Office of President of the United States to file a slate of 55 presidential electors on or before October 25, 2016 (i.e., 14 days prior to the date set for the general election).

29. Plaintiff filed a slate of 57 presidential electors with defendant on October 10, 2016 at the San Diego Elections office.

30. At the time plaintiff's slate of presidential electors was filed, elections staff checked the signatures of all 57 presidential electors and confirmed that the filing would be sent to defendant's office in Sacramento, California for certification.

31. Plaintiff was notified on October 25, 2016 that his slate of presidential electors was not certified by defendant solely because defendant could not match the address recorded for seven of plaintiff's electors with the address they recorded on their voter registration applications.

32. Numerous presidential electors filed by other political parties were either not registered voters of the State of California or were not even residents of the State of California.

33. Accordingly, defendant intentionally refused to apply the same standard for the certification of presidential electors that defendant applied to plaintiff's slate of 57 presidential electors to any other slate of presidential electors filed by any other candidate for the office of President of the United States for the 2016 general election.

34. No provision of the California Election Code requires presidential electors to record an address identical to an address recorded on a voter registration application.

35. The Elector Qualification Clause vests in the state legislature, not the defendant as a state executive branch official, the manner of appointment of presidential electors.

36. Plaintiff alleges defendant's failure to certify plaintiff's 2016 slate of presidential electors was the direct and proximate result of defendant's political animus against plaintiff for his prior opposition to the nomination of Hillary Clinton by the Democratic Party for President of the United States and his continued opposition to the election of Hillary Clinton as President of the United States and the fear that plaintiff would dilute Hillary Clinton's vote with Hispanic voters.

37. Defendant's selective enforcement of the laws governing the certification of presidential electors against plaintiff based on defendant's partisan animus against plaintiff is a violation of plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

38. Defendant has failed to acknowledge that his conduct in the certification of

1  presidential electors for the 2016 general election was improper or that defendant's conduct in
2  the certification of presidential electors in 2020 would be substantively different from the
3  certification standards and processes employed by defendant for the 2016 presidential general
4  election.

5      39.    Plaintiff has no other adequate remedy at law.

**COUNT I**
**(VIOLATION OF "ELECTOR QUALIFICATION CLAUSE" OF ARTICLE II, SECTION 1, CLAUSE 2 OF THE UNITED STATES CONSTITUTION)**

40. Plaintiff reasserts each preceding allegation as if set forth fully herein.

41. The Elector Qualification Clause of Article II, Section 1, Clause 2 of the United States Constitution provides the exclusive requirements necessary to serve as a candidate to the Electoral College.

42. Plaintiff is entitled to file a slate of presidential electors in 2020 that conforms to the requirements of the Elector Qualification Clause of Article II, Section 1, Clause 2 of the United States Constitution.

43. Defendant is prohibited from imposing requirements on candidates for California's Electoral College not authorized under the Elector Qualification Clause of Article II, Section 1, Clause 2 of the United States Constitution.

44. Defendant has refused to acknowledge that he is not authorized to withhold his certification of presidential electors based on requirements not authorized under the Elector Qualification Clause of Article II, Section 1, Clause 2 of the United States Constitution.

45. Accordingly, defendant's continued enforcement of requirements imposed on candidates for California's Electoral College not authorized by the Elector Qualification Clause of Article II, Section 1, Clause 2 of the United States Constitution violates conduct required of defendant under the United States Constitution which is the direct and proximate result of continuing injury to plaintiff for which plaintiff demands immediate relief.

///
///

# COUNT II
# (EQUAL PROTECTION)

46. Plaintiff reasserts each preceding allegation as if set forth fully herein.

47. Plaintiff is entitled to equal application of the laws governing the qualifications and certification of presidential electors in the State of California.

48. Defendant selectively enforced laws governing the qualifications and certification of presidential electors solely against plaintiff's slate of presidential electors timely filed with defendant as part of plaintiff's 2016 California write-in campaign for President of the United States.

49. Defendant's selective enforcement of the laws governing the qualifications and certification of presidential electors against plaintiff's 2016 slate of presidential electors is the direct and proximate result of defendant's partisan political animus against plaintiff and his effort to protect the presidential nominee of the Democratic Party.

50. Defendant has refused to acknowledge that his conduct in the selective enforcement of the laws governing the qualifications and certification of presidential electors in 2016 was improper.

51. Defendant continues to refuse to guarantee that he will abandon his selective enforcement of the laws governing the qualifications and certification of presidential electors for the 2020 presidential general election.

52. Defendant's continued selective enforcement of the laws governing the qualifications and certification of presidential electors will force plaintiff to expend unnecessary economic resources on the recruitment of new candidates for California's Electoral College for plaintiff's 2020 campaign for President of the United States.

53. Accordingly, defendant's continued threat of selective enforcement of the laws governing the qualifications and certification of presidential electors is the direct and proximate cause of the impairment of rights guaranteed to plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution for which plaintiff demands immediate relief.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter permanent injunctive relief against defendant enjoining defendant from enforcing additional qualifications for presidential electors beyond those set forth and permitted under Article II, Section 1, Clause 2 of the United States Constitution (hereinafter the "Elector Qualification Clause");

b. Enter permanent injunctive relief enjoining defendant from enforcing the laws governing the qualifications and certification of presidential electors in California in violation of rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

c. Award plaintiff the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

d. Retain jurisdiction of this action and grant plaintiff such other relief which may in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted

Dated: February 2, 2017     By:     s/ Morgan J.C. Scudi

Morgan J.C. Scudi
J. Ray Ayers
Lucas Mundell
Attorneys for Plaintiff *Roque "Rocky" De La Fuente*