1 | XAVIER BECERRA, State Bar No. 118517
Attorney General of California
2 | STEPAN A. HAYTAYAN, State Bar No. 205457
Supervising Deputy Attorney General
3 | JONATHAN M. EISENBERG, State Bar No.
184162
4 | Deputy Attorney General
AMIE L. MEDLEY, State Bar No. 266586
5 | Deputy Attorney General
  300 South Spring Street, Suite 1702
6 |  Los Angeles, CA 90013
  Telephone: (213) 576-7476
7 |  Fax: (213) 897-5775
  E-mail: Amie.Medley@doj.ca.gov
8 | *Attorneys for Alex Padilla, California*
*Secretary of State*

9

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE EASTERN DISTRICT OF CALIFORNIA

12 | (SACRAMENTO)

13

14 | **ROQUE "ROCKY" DE LA FUENTE,**        2:16-cv-02877-JAM-GGH

15 |                            Plaintiff,   **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES IN SUPPORT OF**
16 |                v.                       **MOTION TO DISMISS AMENDED**
                                            **COMPLAINT**
17 | **ALEX PADILLA, in his official capacity**
**as the Secretary of State of the State**   Date:        April 4, 2017
18 | **of California,**                        Time:        1:30
                                            Judge:       Hon. John A. Mendez
19 |                           Defendant.    Trial Date:  TBD
                                            Action Filed: December 7, 2016

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

                                                                                          **Page**

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 1

    I.     Mr. De La Fuente's 2016 Campaign for President of the United States ................................................................................................................. 1

    II.    Mr. De La Fuente's Multiple Lawsuits Stemming from His Presidential Campaign .............................................................................. 2

        A.    The Write-in Case ...................................................................... 2

        B.    The AIP Case ............................................................................. 4

        C.    The Present Lawsuit .................................................................. 4

ARGUMENT ................................................................................................................... 5

    I.     Claim Preclusion and Issue Preclusion Bar Mr. De La Fuente's First Cause of Action ......................................................................... 5

        A.    Mr. De La Fuente's First Claim Is Barred by Claim Preclusion .............................................................................. 5

        B.    Mr. De La Fuente's First Claim Is Barred by Issue Preclusion .............................................................................. 8

    II.    Younger Abstention Applies to Resolve the Second and Last Cause of Action .......................................................................... 11

CONCLUSION .............................................................................................................. 13

i

**TABLE OF AUTHORITIES**

<u>Page</u>

CASES

*Allen v. McCurry*
    449 U.S. 90 (1980)...................................................................................5, 6

*Badham v. U.S. Dist. Ct. for the No. Dist. of Calif.*
    721 F.2d 1170 (9th Cir. 1983) ............................................................12

*Border Bus. Park, Inc. v. City of San Diego*
    49 Cal. Rptr. 3d 259 (Cal. Ct. App. 2006).........................................10

*Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*
    196 F.3d 1011 (9th Cir. 1999) ............................................................11

*Fed'n of Hillside and Canyon Ass'ns v. City of Los Angeles*
    24 Cal. Rptr. 3d 543 (Cal. Ct. App. 2004)........................................6, 7

*Hawaii Hous. Auth. v. Midkiff*
    467 U.S. 229 (1984).............................................................................12

*Hi-Desert Med. Ctr. v. Douglas*
    190 Cal. Rptr. 3d 897 (Cal. Ct. App. 2015).........................................6

*Hollywood Circle, Inc. v. Dept. of Beverage Control*
    361 P.2d 712 (Cal. 1961) ......................................................................7

*Kay v. City of Rancho Palos Verdes*
    504 F.3d 803 (9th Cir. 2007) ..............................................................11

*Laraway v. Pasadena Unified Sch. Dist.*
    120 Cal. Rptr. 2d 213 (Cal. Ct. App. 2002).........................................8

*Lucido v. Super. Ct.*
    795 P.2d 1223 (Cal. 1990)..................................................................8, 9

*Manufactured Home Cmtys Inc. v. City of San Jose*
    420 F.3d 1022 (9th Cir. 2005) ..............................................................7

*Migra v. Warren City Sch. Dist.*
    465 U.S. 75 (1984)................................................................................6

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

*Moore v. Sims*

4
    442 U.S. 415 (1979)..............................................................................11

5

*Murray v. Alaska Airlines, Inc.*
    237 P.3d 565 (Cal. 2010)......................................................................10

6

7

*Noel v. Hall*
    341 F.3d 1148 (9th Cir. 2003) ...............................................................6

8

9

*Parsons Steel Inc. v. First Ala. Bank*
    474 U.S. 518 (1986)................................................................................6

10

11

*Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*
    783 F.2d 848 (9th Cir. 1986) .............................................................7, 8

12

13

*Vandenberg v. Sup. Ct.*
    982 P.2d 229 (Cal. 1999).......................................................................8

14

**STATUTES**

15

16

28 U.S.C.
    § 1738.......................................................................................................6

17

18

42 U.S.C.
    § 1983.....................................................................................4, 6, 7, 12

19

California Elections Code
    § 201........................................................................................................2

20

    § 359........................................................................................................2

21
    § 8650......................................................................................................2

22
    § 8651......................................................................................................2

23

**CONSTITUTIONAL PROVISIONS**

24

U.S. Constitution
    Fourteenth Amendment ..................................................................1, 3, 5

25

    Art. II, § 1, Clause 2.........................................................................1, 11, 13

26

27

28

## INTRODUCTION

This case is one of several related lawsuits that Plaintiff Roque "Rocky" De La Fuente has brought against Defendant Alex Padilla, California Secretary of State (the "Secretary"), in connection with Mr. De La Fuente's failed campaign to be elected President of the United States in 2016.  In fact, the present case duplicates parts of two pre-existing California state-court cases, *De La Fuente, et al. v. Padilla*, Sacramento County Superior Court, Case No. 34-2016-00204821 (the "*Write-In Case*"), and *De La Fuente v. Padilla*, Sacramento County Superior Court, Case No. 34-2016-80002478 (the "*AIP Case*").  It is this duplication that should cause this Court (1) to dismiss one cause of action in this case, under claim preclusion and/or issue preclusion, and (2) to dismiss the remaining cause of action, because of abstention principles.

Mr. De La Fuente's first cause of action in the present case—claiming that the Secretary violated Mr. De La Fuente's right under the U.S. Constitution, Fourteenth Amendment, to become an independent write-in candidate for President of the United States in the November 2016 California General Election, by the Secretary's refusal to certify Mr. De La Fuente slate of proposed presidential electors in that election—was decided on the merits in the *Write-In Case*.  The judgment in the *Write-In Case* is now final and should be afforded preclusive effect in the present case.

Mr. De La Fuente's second and remaining cause of action in the present case, under the Elector Qualification Clause, Article II, Section 1, Clause 2, of the U.S. Constitution, presents precisely the same question raised in Mr. De La Fuente's *AIP Case*, which is currently pending in Sacramento County Superior Court.  Accordingly, this Court should apply "*Younger*" abstention and dismiss the second cause of action without prejudice.

///

1

# BACKGROUND

## I. MR. DE LA FUENTE'S 2016 CAMPAIGN FOR PRESIDENT OF THE UNITED STATES

Mr. De La Fuente campaigned for President of the United States in 2016, seeking ballot placement in California in multiple ways. He was on the June 2016 California Primary Election ballot as a Democratic Party candidate for President, but failed to obtain the California Democratic Party nomination for President.

Thereafter, Mr. De La Fuente declared himself no longer a Democrat and now politically independent, and tried to get his name printed on the November 2016 California General Election ballot as an independent/non-partisan candidate for President. However, Mr. De La Fuente failed to meet the California statutory requirements for non-partisan candidates for President to have their names listed on general election ballots.

After an unsuccessful bid for the 2016 Democratic Party nomination for U.S. Senator from Florida, Mr. De La Fuente returned his focus to his presidential bid and sought to become a certified write-in candidate for President in the November 2016 California General Election. But he was unsuccessful. Under California Elections Code sections 201, 359, and 8650 et seq., in conjunction with the federal administration of the Electoral College, Mr. De La Fuente needed 55 supportive potential electors to submit declarations, containing certain information, to the Secretary of State's Office, to obtain the certification to be a write-in candidate. Mr. De La Fuente submitted a slate of 57 proposed supportive electors to the San Diego County Registrar of Voters, which slate was then forwarded to the Secretary of State's Office for verification. However, the Secretary of State's Office determined that only 50 (less than the requisite 55) of the declarations met the requirements of California Elections Code section 8651. Therefore, Mr. De La Fuente's name did not appear on the Secretary's certified list of California write-in candidates for President, which list was released publicly on October 28, 2016.

2

## II. MR. DE LA FUENTE'S MULTIPLE LAWSUITS STEMMING FROM HIS PRESIDENTIAL CAMPAIGN

### A. The *Write-In Case*

On November 4, 2016, Mr. De La Fuente filed in Sacramento County Superior Court an emergency petition for a writ of mandate (the "Petition"),[1] i.e., the opening pleading in the *Write-In Case*, seeking to have the putative De La Fuente electors certified and to have the name "Roque 'Rocky' De La Fuente" added to the list of certified write-in candidates for the November 2016 California General Election for President. The Petition asserted that the Secretary had "discretionarily add[ed] additional requirements" to the relevant requirements for independent presidential candidates' would-be presidential electors set forth in the California Elections Code. Petition at 5. The alleged addition consisted of the Secretary of State's Office's verification that each potential independent presidential candidate's would-be elector's voter address on his or her declaration matched the address on that person's California voter registration form. *Id.* The *Write-In Case* Petition also alleged that the Secretary had "selectively enforced elector qualifications" against Mr. De La Fuente and not Republican presidential nominee Donald J. Trump, thereby violating Mr. De La Fuente's right to equal protection of the laws under the Fourteenth Amendment. *Id.* Mr. De La Fuente asked the state court (1) to order the Secretary to reconsider the rejected De La Fuente electors and to certify at least five of them; (2) to add Mr. De La Fuente's name and that of his running mate, Michael Steinberg, candidate for Vice President, to the certified list of California write-in candidates; and (3) to instruct all California counties to record and to report any write-in votes for Mr. De La Fuente for President in the November 2016 California General Election. Petition at 17.

---

[1] A copy of the *Write-In Case*'s petition for writ of mandate is submitted as Exhibit 1 to the Declaration of Jonathan M. Eisenberg ("Eisenberg Declaration"), filed concurrently herewith.

On November 7, 2016, the next business day and also one day before the 2016 California General Election, the Secretary filed an opposition on the merits to the Petition in the *Write-In Case*.[2]  Attorneys for both parties, Mr. De La Fuente and the Secretary, appeared in the state court for oral argument on the Petition later that same day.  The oral argument lasted approximately half an hour and included significant discussion of the substantive issues raised in the Petition.  Eisenberg Declaration, ¶ 7.  The *Write-In Case* judge denied the Petition on the record at the oral argument, later signed a written order denying the Petition, and soon thereafter entered a final judgment disposing of the case.[3]

Mr. De La Fuente did not appeal the denial of the *Write-In Case* Petition.  That judgment became final and nonappealable on February 13, 2017.

**B.   The *AIP Case***

On December 15, 2016, Mr. De La Fuente and AIP, a political party, filed the *AIP Case* complaint in Sacramento County Superior Court.[4]  The allegations are that, in administering the 2016 California elections, the Secretary violated the Elector Qualification Clause as well as several sections of the California Elections Code.  The *AIP Case* complaint was served on the Secretary on January 20, 2017.  The Secretary has not yet filed a responsive pleading in that case.

**C.   The Present Lawsuit**

Mr. De La Fuente filed the current lawsuit on December 7, 2016, and filed an amended complaint on February 2, 2017.  The amended complaint incorporates portions of both the *Write-In Case* and the *AIP Case*.  Invoking 42 U.S.C. § 1983, the amended complaint in the present case duplicates the *Write-In Case* by asserting the same Equal Protection Clause claim against the same defendant, the Secretary.  The amended complaint in the present case also duplicates the *AIP Case*'s Equal

---

[2] See Exhibit 2 to the Eisenberg Declaration.
[3] See Exhibit 3 to the Eisenberg Declaration.
[4] A copy of the *AIP Case* complaint is submitted as Exhibit 4 to the Eisenberg Declaration.  See page 8 of the *AIP Case* complaint for the constitutional claim.

4

1   Protection Clause claim by alleging that the Secretary selectively enforced

2   California's election laws regarding the certification of presidential electors. First

3   Am. Compl. at 2. Also like the *AIP Case* complaint, the amended complaint further

4   avers that the Secretary violated the Elector Qualification Clause by withholding

5   certification of Mr. De La Fuente's write-in candidacy for President from California.

6   Mr. De La Fuente seeks a permanent injunction to prevent the Secretary from

7   "enforcing the laws governing the qualifications and certification of presidential

8   electors in California in violating of the rights guaranteed under the Equal

9   Protection Clause of the Fourteenth Amendment to the United State Constitution."

10  First Am. Compl. at 9.

## ARGUMENT

12  Both causes of action in Mr. De La Fuente's amended complaint should be

13  dismissed, (1) under claim preclusion and issue preclusion and (2) under abstention

14  doctrine, respectively.

## I. CLAIM PRECLUSION AND ISSUE PRECLUSION BAR MR. DE LA FUENTE'S FIRST CAUSE OF ACTION

17  Because Mr. De La Fuente's Equal Protection Clause claim was previously

18  raised and decided in the *Write-In Case*, the doctrines of (A) res judicata (claim

19  preclusion) and (B) collateral estoppel (issue preclusion) bar re-litigation of that

20  claim in this action.

### A. Mr. De La Fuente's First Claim Is Barred by Claim Preclusion

22  "Under res judicata, a final judgment on the merits of an action precludes the

23  parties or their privies from relitigating issues that were or could have been raised

24  in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Under collateral

25  estoppel, once a court has decided an issue of fact or law necessary to its judgment,

26  that decision may preclude relitigation of the issue in a suit on a different cause of

27  action involving a party to the first case." *Id.* Federal courts generally adhere to

28  these doctrines and give preclusive effect to state court decisions. *Id.* at 95.

1       Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must

2  give full faith and credit to judgments of state courts, including by affording state-

3  court judgments preclusive effect under the doctrines of res judicata and collateral

4  estoppel. *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *Allen*, 449 U.S. at 95

5  (1980).

6       District courts apply state preclusion law in determining whether claim

7  preclusion or issue preclusion applies to bar a plaintiff's claims. *Parsons Steel Inc.*

8  *v. First Ala. Bank*, 474 U.S. 518, 523 (1986) ("[U]nder the Full Faith and Credit

9  Act a federal court must give the same preclusive effect to a state-court judgment as

10  another court of that State would give."). In fact, "Congress has specifically

11  required all federal courts to give preclusive effect to state-court judgments

12  whenever the courts of the State from which the judgments emerged would do so."

13  *Allen*, 449 U.S. at 96. A case brought under 42 U.S.C. § 1983, the federal civil-

14  rights law, receives the same preclusion analysis as other cases: "issues actually

15  litigated in a state-court proceeding are entitled to the same preclusive effect in a

16  subsequent federal § 1983 suit as they enjoy in the courts of the State where the

17  judgment was rendered." *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 83 (1984).

18       Under California law, "[r]es judicata or claim preclusion precludes the

19  relitigation of a cause of action" if:

20       (1) the same cause of action was previously adjudicated in another proceeding

21  (*Fed'n of Hillside and Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543,

22  557 (Cal. Ct. App. 2004) (citing *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301

23  (Cal. 2002));

24       (2) the proceeding was between the same parties or parties in privity with

25  them (*id.*);

26       (3) the cause of action was adjudicated on the merits (*Hi-Desert Med. Ctr. v.*

27  *Douglas*, 190 Cal. Rptr. 3d 897, 910 (Cal. Ct. App. 2015) (citation omitted)); and

28       (4) the judgment on that claim is final (*id.*).

6

1    Regarding the *first* factor, two proceedings are on the same cause of action if

2    they are based on the same primary right. *Manufactured Home Cmtys Inc. v. City*

3    *of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (citing *Mycogen Corp.*, 51 P.3d at

4    306); *see also Hi-Desert Med. Ctr.*, 190 Cal. Rptr. 3d 897, 910 (Cal. Ct. App. 2015)

5    (citing *Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (2010)) (holding that

6    cause of action is right to obtain redress for harm suffered, regardless of specific

7    legal theory or remedy sought).  The Petition in the *Write-In Case* and the first

8    cause of action in this case allege the same cause of action, for an Equal Protection

9    Clause violation, based on the same alleged conduct, the Secretary's decision not to

10   certify several of Mr. De La Fuente's proposed presidential electors.  The theory is

11   the same in both cases, although the remedies sought differ between the two cases.

12   As shown above, the difference in remedies sought does not mean that the causes of

13   action in the two cases are considered different for preclusion purposes. (Also, the

14   *AIP Case* and the present case have the same cause of action, under the Elector

15   Qualification Clause.)

16   *Second*, both cases involve the same two parties, Mr. De La Fuente and

17   Secretary Padilla.

18   Regarding the *third* factor, "[i]t is settled that the doctrine of res judicata

19   applies to judgments on the merits in proceedings in mandamus." *Hollywood*

20   *Circle, Inc. v. Dept. of Beverage Control*, 361 P.2d 712, 715 (Cal. 1961).

21   California courts applying res judicata have found "no reason to distinguish

22   between actions and special proceedings . . . for purposes of res judicata if the

23   requirements of the doctrine are satisfied . . . " *Fed'n of Hillside and Canyon*

24   *Assocs*, 24 Cal. Rptr. 3d 543, 559 (Cal. Ct. App. 2004); *Hi-Desert Med. Ctr.*, 190

25   Cal. Rptr. 3d 897, 914 n.13 (Cal. Ct. App. 2015).  This is equally true for cases

26   brought in federal court under 42 U.S.C. § 1983; the judgment of a state court

27   mandate proceeding bars a later 28 U.S.C § 1983 suit concerning the same injury

28   from being brought in federal court. *Takahashi v. Bd. of Trustees of Livingston*

7

1  *Union Sch. Dist.*, 783 F.2d 848, 850-52 (9th Cir. 1986). The *Write-In Case* was

2  decided on the merits. As noted above, the *Write-In Case* Court read briefs about

3  and heard oral argument on the merits of the case and ruled accordingly. It makes

4  no difference to the preclusion analysis that the decision resulted from a petition for

5  writ of mandamus rather than a civil action started with a complaint. Here, as in

6  *Takahashi*, because Mr. De La Fuente had the opportunity to fully litigate his Equal

7  Protection Clause claim in state court, the redundant first cause of action here is

8  barred by res judicata.

9      *Finally*, the *Write-In Case* has been fully resolved at the trial-court level. A

10  state court's decision on a writ petition has preclusive effect if the decision resolves

11  all matters in the proceeding. *Laraway v. Pasadena Unified Sch. Dist.*, 120 Cal.

12  Rptr. 2d 213, 216 (Cal. Ct. App. 2002). The decision in the *Write-In Case* resolved

13  all matters raised in the Petition, and Mr. De La Fuente waived any appeal, and so

14  the trial-court decision should be given preclusive effect.

15      Therefore, claim preclusion applies to bar Mr. De La Fuente's first cause of

16  action in the present case.

17      **B.**    **Mr. De La Fuente's First Claim Is Barred by Issue Preclusion**

18      Collateral estoppel, also known as issue preclusion, "precludes relitigation of

19  issues argued and decided in prior proceedings." *Lucido v. Super. Ct.*, 795 P.2d

20  1223, 1225 (Cal. 1990). "Collateral estoppel . . . is intended to preserve the

21  integrity of the judicial system, promote judicial economy, and protect litigants

22  from harassment by vexatious litigation." *Vandenberg v. Sup. Ct.*, 982 P.2d 229,

23  237 (Cal. 1999).

24      Issue preclusion applies in a new case if five conditions are met:

25      (1) the issue is identical to that decided in a former proceedings;

26      (2) the same parties are involved as in the former proceeding:

27      (3) that issue was actually litigated in the former proceeding;

28      (4) the issue was necessarily decided in the former proceeding; and

8

1    (5) the decision was final and on the merits.

2    *Lucido*, 795 P.2d at 1225.

3    Much like the conditions to claim preclusion discussed above, all five of the

4    conditions to issue preclusion are met here:

5    *First*, as noted above, Mr. De La Fuente raises the same issue in the first cause

6    of action here as was raised in the *Write-In Case*:  whether the Secretary selectively

7    enforced California's election laws in declining to certify some of Mr. De La

8    Fuente's proposed presidential electors, and, if so, whether that violated Mr. De La

9    Fuente's right to equal protection of the laws.

10    *Second*, both cases have the same two parties, Mr. De La Fuente and the

11    Secretary.

12    *Third*, the selective-enforcement issue was (thoroughly) discussed in the

13    *Write-In Case* Petition, in the Secretary's opposition, and at length during the oral

14    argument.  The issue was actually litigated in the *Write-In Case*.

15    *Fourth*, as to the question of whether the issue was necessarily decided, "[t]he

16    courts have previously required only that the issue not have been 'entirely

17    unnecessary' to the judgment in the initial proceeding." *Lucido*, 795 P.2d at 1226

18    (citation omitted).  Given that, in the *Write-In Case*, there was only one substantive

19    claim, the substantive issues within that claim had to be more than "not entirely

20    necessary" to the resolution of the case.  In fact, with a singular claim, there was no

21    way to avoid those issues, which were fully vetted.  While the Secretary also argued

22    that there was not enough time to implement the relief that Mr. De La Fuente

23    requested, the viability of that argument depended upon the related substantive

24    claim, which demanded that the Secretary, in effect, bypass the relevant ballot-

25    access statutes and immediately certify Mr. De La Fuente as a write-in candidate.

26    *Fifth*, the *Write-In Case* Court's denial of the Petition is a final decision on the

27    merits.  "[F]or purposes of issue preclusion . . . 'final judgment' includes any prior

28    adjudication of an issue in another action that is determined to be sufficiently firm

9

1    to be accorded conclusive effect." *Border Bus. Park, Inc. v. City of San Diego*, 49

2    Cal. Rptr. 3d 259, 280 (Cal. Ct. App. 2006).  The judgment in the *Write-In Case*

3    became final and nonappealable on February 13, 2017, when the deadline to appeal

4    passed.

5        If a case has met all of these conditions for an issue, then the court must

6    consider whether the application of issue preclusion is merited by the public-policy

7    considerations underlying collateral estoppel.  Courts weigh the public policies

8    underlying the doctrine as well as the factors listed above. *Murray v. Alaska*

9    *Airlines, Inc.*, 237 P.3d 565, 577 (Cal. 2010).  "Those policies include conserving

10   judicial resources and promoting judicial economy by minimizing repetitive

11   litigation, preventing inconsistent judgments which undermine the integrity of the

12   judicial system, and avoiding the harassment of parties through repeated litigation."

13   *Id.*  The public-policy considerations underlying the doctrine of collateral estoppel

14   counsel in favor of applying the doctrine's preclusive effect here.  Here, in three

15   ways, these public-policy considerations would be served by the application of

16   collateral estoppel:

17       *One*, judicial resources will be conserved if this Court does not revisit the

18   same question that the *Write-In Case* Court decided.

19       *Two*, preclusion would avoid possible inconsistency between the decision in

20   the *Write-In Case* and the decision that this Court might reach in the present case.

21       *Third*, the repeated litigation of Mr. De La Fuente's Equal Protection Clause

22   claim would be an inefficient use of the Court's and the parties' time and resources.

23       Therefore, issue preclusion applies to bar Mr. De La Fuente's first cause of

24   action in the present case.  Issue preclusion is an alternative and sufficient basis to

25   dismiss Mr. De La Fuente's first cause of action.

26   ///

27   ///

28   ///

10

## II. *YOUNGER* ABSTENTION APPLIES TO RESOLVE THE SECOND AND LAST CAUSE OF ACTION

Mr. De La Fuente's remaining cause of action here, for violations of Article II, Section 1, Clause 2, the Elector Qualifications Clause, of the Constitution, should be dismissed under the *Younger* abstention doctrine, because the same claim is being adjudicated in the AIP Case, in California state court. *Younger* abstention allows a federal court to postpone deciding a case, where doing so would interfere with an ongoing state-court proceeding. *Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999). The Elector Qualifications Clause cause of action here should be dismissed because the same claim has been raised in a currently-pending state-court action (the *AIP Case*), and this Court's decision on the same question could interfere with that proceeding.

"The *Younger* doctrine, which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). "Abstention by a district court is required under *Younger* when three criteria are satisfied: (1) State judicial proceedings [redundant of federal proceedings] are ongoing; (2) The proceedings implicate important state interests; and (3) The state proceedings provide an adequate opportunity to raise federal questions [that are or could be raised in the federal proceedings]." *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007); *Commc'ns Telesystems Int'l*, 196 F.3d at 1015. The *Younger* doctrine requires a dismissal of the federal action where all of the conditions are met. *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 889 (9th Cir. 2011).

The *Younger* doctrine requires dismissal here because all three criteria are present:

///

11

1    *First*, the *AIP Case* is ongoing.[5]  That case's complaint was served on the

2    Secretary of State's Office on January 20, 2017, and a responsive pleading is due

3    soon.

4    *Second*, the two proceedings, the *AIP Case* and the present case, implicate

5    important state interests:  California's regulation of elections and voting for

6    President within California.

7    *Third*, the state-court proceeding provides an adequate opportunity for Mr. De

8    La Fuente to raise federal constitutional issues.  In fact, he raised the same federal

9    Elector Qualifications Clause argument in the *AIP Case*, alleging that the Secretary

10   selectively enforced the law against Mr. De La Fuente and improperly added

11   requirements for would-be independent presidential candidates' would-be

12   presidential electors above and beyond the requirements of the Elector

13   Qualifications Clause. (*AIP Case* Compl. at 8, First Am. Compl. at 7.)  The

14   Supreme Court has repeatedly held that state courts are "competent to adjudicate

15   federal" constitutional claims. *Moore*, 442 U.S. at 429.  The state court

16   competently can adjudicate the federal constitutional claim in the *AIP Case*, and

17   should be allowed to do so without a possible conflict with the present case.

18   "[A]bstention orders in cases involving voting rights require special

19   consideration" and "delay in such cases is particularly insidious." *Badham v. U.S.*

20   *Dist. Ct. for the No. Dist. of Calif.*, 721 F.2d 1170, 1172-73 (9th Cir. 1983).  But

21   this case does not raise such concerns.  There will not be another presidential

22   election until 2020.  Any delay that might result from abstention in this case almost

23   certainly would have no ill effects. *Id.* at 1174 (upholding the district court's

24   decision to abstain in a redistricting case because "[t]he district court's abstention

---

[5] Though the present federal court case was filed before the state court case, *Younger* abstention is still appropriate.  "*Younger* abstention is required . . . when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in the federal court.'" *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).  In this case, no proceedings of substance have occurred as of yet.

1  will have no immediate significant effect on federal voting rights.  The deadline

2  is . . . six months after the abstention order.  Therefore, as the matter presently

3  stands, there is no immediate need for federal intervention.")  Accordingly, no

4  "great and immediate irreparable injury," as contemplated by the U.S. Supreme

5  Court in *Moore*, 442 U.S. at 423, will result if this cause of action is dismissed.

6       In sum, *Younger* abstention should apply and Mr. De La Fuente's second

7  cause of action should be dismissed.

## CONCLUSION

9       Both causes of action that Mr. De La Fuente asserts in this case should be

10  dismissed.  Mr. De La Fuente's Equal Protection Clause cause of action should be

11  dismissed because the state court's decision in the *Write-In Case* is a final

12  adjudication on the merits of that claim.  Mr. De La Fuente's present cause of

13  action for violations of Article II, Section 1, Clause 2 of the U.S. Constitution

14  should also be dismissed, because the claim has been raised in the ongoing *AIP*

15  *Case* in state court, meaning that, under the *Younger* doctrine, this Court should

16  abstain from adjudicating the same claim in the present case.

Dated:  February 14, 2017                    Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General


/s/ Amie Medley_____
AMIE L. MEDLEY
Deputy Attorney General
*Attorneys for Alex Padilla, California*
*Secretary of State*

13

# CERTIFICATE OF SERVICE

Case Name: **De La Fuente, Roque "Rocky"**    Case **2:16-cv-03242-MWF-GJS**
            **v. State of California, et al.**       No. _____

I hereby certify that on <u>February 14, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>February 14, 2017</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Paul A. Rossi, Esq.
IMPG Advocates, Inc.
873 East Baltimore Pike, Suite #705
Kennett Square, PA 19348

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 14, 2017</u>, at Los Angeles, California.

|  |  |
|---|---|
| Beth Capulong | /s/ Beth Capulong |
| Declarant | Signature |