1   XAVIER BECERRA, State Bar No. 118517
    Attorney General of California
2   STEPAN A. HAYTAYAN, State Bar No. 205457
    Supervising Deputy Attorney General
3   JONATHAN M. EISENBERG, State Bar No. 184162
    Deputy Attorney General
4   AMIE L. MEDLEY, State Bar No. 266586
    Deputy Attorney General
5    300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
6    Telephone: (213) 576-7476
     Fax: (213) 897-5775
7    E-mail: Amie.Medley@doj.ca.gov
    *Attorneys for Alex Padilla, California Secretary*
8   *of State*

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        (SACRAMENTO)

12

| | |
|---|---|
| 13  **ROQUE "ROCKY" DE LA FUENTE,** | 2:16-cv-02877-JAM-GGH |
| 14                        Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |
| 15            **v.** | |
| 16 | Date:          May 2, 2017 |
| 17  **ALEX PADILLA, in his official capacity as the Secretary of State of the State of California,** | Time:          1:30 p.m. Judge:         Hon. John A. Mendez |
| 18 | Trial Date:    TBD Action Filed:  December 7, 2016 |
|                        Defendant. | |

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3    INTRODUCTION .............................................................................................. 1

4    BACKGROUND ............................................................................................... 1

      I.      Mr. De La Fuente's 2016 Campaign for President of the United States ............... 1

5          II.     Mr. De La Fuente's Lawsuit in California State Court ........................................ 2

6          III.    The Present Lawsuit ....................................................................................... 4

7    ARGUMENT .................................................................................................... 4

      I.      Mr. De La Fuente's First Claim Is Barred by Claim Preclusion........................... 4

8          II.     Mr. De La Fuente's First Claim Is Barred by Issue Preclusion ........................... 7

9    CONCLUSION .................................................................................................. 10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Allen v. McCurry*
  449 U.S. 90 (1980)..............................................................................................4, 5

*Boeken v. Philip Morris USA, Inc.*
  230 P.3d 342 (Cal. 2010) ........................................................................................6

*Border Bus. Park, Inc. v. City of San Diego*
  49 Cal. Rptr. 3d 259 (Cal. Ct. App. 2006) ............................................................9

*De La Fuente v. Padilla*
  Sacramento County Superior Court, Case No. 34-2016-80002478...................... *passim*

*Fed'n of Hillside and Canyon Ass'ns v. City of Los Angeles*
  24 Cal. Rptr. 3d 543 (Cal. Ct. App. 2004) .........................................................5, 6

*Hi-Desert Med. Ctr. v. Douglas*
  190 Cal. Rptr. 3d 897 (Cal. Ct. App. 2015) ...........................................................6

*Hollywood Circle, Inc. v. Dept. of Beverage Control*
  361 P.2d 712 (Cal. 1961) ........................................................................................6

*Laraway v. Pasadena Unified Sch. Dist.*
  120 Cal. Rptr. 2d 213 (Cal. Ct. App. 2002) ...........................................................7

*Lucido v. Super. Ct.*
  795 P.2d 1223 (Cal. 1990) ...................................................................................7, 8

*Manufactured Home Cmtys Inc. v. City of San Jose*
  420 F.3d 1022 (9th Cir. 2005)..................................................................................6

*Migra v. Warren City Sch. Dist.*
  465 U.S. 75 (1984)....................................................................................................5

*Murray v. Alaska Airlines, Inc.*
  237 P.3d 565 (Cal. 2010) .........................................................................................9

*Mycogen Corp. v. Monsanto Co.*
  51 P.3d 297 (Cal. 2002) .......................................................................................5, 6

*Noel v. Hall*
  341 F.3d 1148 (9th Cir. 2003)..................................................................................5

*Parsons Steel Inc. v. First Ala. Bank*
  474 U.S. 518 (1986)..........................................................................................5, 6, 8

i

## TABLE OF AUTHORITIES
### (continued)

Page

*Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*
    783 F.2d 848 (9th Cir. 1986)........................................................................................7

*Vandenberg v. Super. Ct.*
    982 P.2d 229 (Cal. 1999) .............................................................................................7

**STATUTES**

28 U.S.C. § 1738 ...................................................................................................................5

42 U.S.C. § 1983 ...........................................................................................................4, 5, 6

California Elections Code
    § 201 ...........................................................................................................................2
    §359............................................................................................................................2
    §8650...........................................................................................................................2
    §8651...........................................................................................................................2

**CONSTITUTIONAL PROVISIONS**

**U.S. Const., Amend. XIV**................................................................................1, 3, 4

# INTRODUCTION

The first cause of action in this case duplicates the entirety of an earlier California state-court case, *De La Fuente v. Padilla*, Sacramento County Superior Court, Case No. 34-2016-80002478 (the "State Case"). The two cases have the same parties, Plaintiff Roque "Rocky" De La Fuente and Defendant Alex Padilla, California Secretary of State (the "Secretary"), and the same federal civil-rights claim. Thus, the Court should dismiss the first cause of action in this case, the Equal Protection Clause claim (under the Fourteenth Amendment to the U.S. Constitution), under claim preclusion and/or issue preclusion.[1]

Mr. De La Fuente's first cause of action in the present case avers that the Secretary violated Mr. De La Fuente's right under the Fourteenth Amendment to become an independent write-in candidate for President of the United States in the November 2016 California General Election, by the Secretary's refusal to certify Mr. De La Fuente's slate of proposed presidential electors in that election. That same claim was decided on the merits in the State Case. The related judgment in the State Case is now final and should be afforded preclusive effect with regard to the first cause of action in the present case.

# BACKGROUND

## I.    MR. DE LA FUENTE'S 2016 CAMPAIGN FOR PRESIDENT OF THE UNITED STATES

Mr. De La Fuente campaigned for President in 2016, seeking ballot placement in California in multiple ways. He was on the June 2016 California Primary

---

[1] In the previously-filed motion to dismiss the amended complaint (Dkt. No. 9), the Secretary argued that the second cause of action for violation of the Elector Qualifications Clause should be dismissed under the abstention doctrine because the same claim had been raised in a pending state-court proceeding. Counsel for Mr. De La Fuente has since represented that the claims in that state-court proceeding will be narrowed such that the Elector Qualifications Clause claim will no longer be at issue in that case. (Declaration of Amie L. Medley, filed concurrently herewith, at ¶ 7.) In the event that counsel does not narrow the issues as stated, then the Secretary will raise the abstention issues at an appropriate point in this litigation.

1

1    Election ballot as a Democratic Party candidate for President, but failed to obtain

2    the California Democratic Party nomination for President.

3        Thereafter, Mr. De La Fuente declared himself no longer a Democrat and now

4    politically independent, and tried to get his name printed on the November 2016

5    California General Election ballot as an independent/non-partisan candidate for

6    President.  However, Mr. De La Fuente failed to meet the California statutory

7    requirements for non-partisan candidates for President to have their names listed on

8    general election ballots.

9        After an unsuccessful bid for the 2016 Democratic Party nomination for U.S.

10   Senator from Florida, Mr. De La Fuente returned his focus to his presidential bid

11   and sought to become a certified write-in candidate for President in the November

12   2016 California General Election.  But he was unsuccessful in becoming a write-in

13   candidate for President.  Under California Elections Code sections 201, 359, and

14   8650 et seq., in conjunction with the federal administration of the Electoral College,

15   Mr. De La Fuente needed 55 supportive potential electors to submit declarations,

16   containing certain information, to the Secretary of State's Office, to obtain the

17   certification to be a write-in candidate.  Mr. De La Fuente submitted a slate of 57

18   proposed supportive electors to the San Diego County Registrar of Voters, which

19   slate was then forwarded to the Secretary of State's Office for verification.

20   However, the Secretary of State's Office determined that only 50—less than the

21   requisite 55—of the declarations met the requirements of California Elections Code

22   section 8651.  Therefore, Mr. De La Fuente's name did not appear on the

23   Secretary's certified list of California write-in candidates for President, which list

24   was released publicly on October 28, 2016.

25   **II.    MR. DE LA FUENTE'S LAWSUIT IN CALIFORNIA STATE COURT**

26       On November 4, 2016, Mr. De La Fuente filed in Sacramento County Superior

27   Court an emergency petition for a writ of mandate (the "Petition"), i.e., the opening

28   pleading in the State Case, seeking to have the putative De La Fuente electors

2

1  certified and to have the name "Roque 'Rocky' De La Fuente" added to the list of

2  certified write-in candidates for the November 2016 California General Election for

3  President.[2]  The Petition asserted that the Secretary had "discretionarily add[ed]

4  additional requirements" to the relevant requirements for independent presidential

5  candidates' would-be presidential electors set forth in the California Elections Code.

6  Petition at 5.  The alleged addition consisted of the Secretary of State's Office's

7  verification that each potential independent presidential candidate's would-be

8  elector's voter address on his or her declaration matched the address on that

9  person's California voter registration form.  *Id.*  The State Case Petition also alleged

10  that the Secretary had "selectively enforced elector qualifications" against Mr. De

11  La Fuente and not Republican presidential nominee Donald J. Trump, thereby

12  violating Mr. De La Fuente's right to equal protection of the laws under the

13  Fourteenth Amendment.  *Id.*  Mr. De La Fuente asked the state court to:  (1) order

14  the Secretary to reconsider the rejected De La Fuente electors and to certify at least

15  five of them; (2) add Mr. De La Fuente's name and that of his running mate,

16  Michael Steinberg, candidate for Vice President, to the certified list of California

17  write-in candidates; and (3) instruct all California counties to record and to report

18  any write-in votes for Mr. De La Fuente for President in the November 2016

19  California General Election.  Petition at 17.

20      On November 7, 2016, the next business day and also one day before the 2016

21  California General Election, the Secretary filed an opposition on the merits to the

22  Petition in the State Case.[3]  Attorneys for both parties, Mr. De La Fuente and the

23  Secretary, appeared in state court for oral argument on the Petition later that

24  same day.  The oral argument lasted approximately half an hour and included

25  significant discussion of the substantive issues raised in the Petition.  Eisenberg

26

27  _____
    [2] A copy of the petition for writ of mandate in the State Case is Exhibit 1 to the
    Declaration of Jonathan M. Eisenberg (the "Eisenberg Declaration"), filed concurrently herewith.
    [3] See Exhibit 2 to the Eisenberg Declaration.

28

1  Declaration, ¶ 7.[4]  The State Case judge denied the Petition on the record at the oral

2  argument, later signed a written order denying the Petition, and soon thereafter

3  entered a final judgment disposing of the case.[5]

4  Mr. De La Fuente did not appeal the denial of the State Case Petition.  That

5  judgment became final and not appealable on February 13, 2017.

6  **III.  THE PRESENT LAWSUIT**

7  Mr. De La Fuente filed the current lawsuit on December 7, 2016, and filed an

8  amended complaint on February 2, 2017.  Invoking 42 U.S.C. § 1983, the amended

9  complaint in the present case duplicates the entirety of the State Case by asserting

10  the same Equal Protection Clause claim against the same defendant, the Secretary.

11  First Am. Compl. at 2.  Mr. De La Fuente seeks a permanent injunction to prevent

12  the Secretary from "enforcing the laws governing the qualifications and

13  certification of presidential electors in California in violation of rights guaranteed

14  under the Equal Protection Clause of the Fourteenth Amendment to the United

15  State Constitution."  First Am. Compl. at 9.

16  **ARGUMENT**

17  Because Mr. De La Fuente's Equal Protection Clause claim was previously

18  raised and decided in the State Case, the doctrines of (A) res judicata (claim

19  preclusion) and (B) collateral estoppel (issue preclusion) bar re-litigation of that

20  claim in this action.

21  **I.  MR. DE LA FUENTE'S FIRST CLAIM IS BARRED BY CLAIM PRECLUSION**

22  "Under res judicata, a final judgment on the merits of an action precludes the

23  parties or their privies from relitigating issues that were or could have been raised

24  in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  "Under collateral

25  estoppel, once a court has decided an issue of fact or law necessary to its judgment,

26

27  [4] See also Exhibit 3 to the Eisenberg Declaration.

28  [5] See Exhibit 4 to the Eisenberg Declaration.

4

1    that decision may preclude relitigation of the issue in a suit on a different cause of

2    action involving a party to the first case." *Id.* Federal courts generally adhere to

3    these doctrines and give preclusive effect to state court decisions. *Id.* at 95.

4        Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must

5    give full faith and credit to judgments of state courts, including affording state-court

6    judgments preclusive effect under the doctrines of res judicata and collateral

7    estoppel. *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *Allen*, 449 U.S. at 95

8    (1980).

9        District courts apply state preclusion law in determining whether claim

10    preclusion or issue preclusion applies to bar a plaintiff's claims. *Parsons Steel Inc.*

11    *v. First Ala. Bank*, 474 U.S. 518, 523 (1986) ("[U]nder the Full Faith and Credit

12    Act a federal court must give the same preclusive effect to a state-court judgment as

13.    another court of that State would give."). "Congress has specifically required all

14    federal courts to give preclusive effect to state-court judgments whenever the courts

15    of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at

16    96. A case brought under 42 U.S.C. § 1983, the federal civil-rights law, receives

17    the same preclusion analysis as other cases: "issues actually litigated in a state-court

18    proceeding are entitled to the same preclusive effect in a subsequent federal § 1983

19    suit as they enjoy in the courts of the State where the judgment was rendered."

20    *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 83 (1984).

21        Under California law, "[r]es judicata or claim preclusion precludes the

22    relitigation of a cause of action" if:

23        (1) the same cause of action was previously adjudicated in another proceeding

24    (*Fed'n of Hillside and Canyon Ass'ns v. City of Los Angeles*, 24 Cal. Rptr. 3d 543,

25    557 (Cal. Ct. App. 2004) (citing *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 301

26    (Cal. 2002));

27        (2) the proceeding was between the same parties or parties in privity with

28    them (*id.*);

5

1    (3)  the cause of action was adjudicated on the merits (*Hi-Desert Med. Ctr. v.*

2    *Douglas*, 190 Cal. Rptr. 3d 897, 910 (Cal. Ct. App. 2015) (citation omitted)); and

3          (4)  the judgment on that claim is final (*id.*).

4          Regarding the *first* factor, two proceedings are on the same cause of action if

5    they are based on the same primary right. *Manufactured Home Cmtys Inc. v. City*

6    *of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) (citing *Mycogen Corp.*, 51 P.3d at

7    306); *see also Hi-Desert Med. Ctr.*, 190 Cal. Rptr. 3d at 910 (citing *Boeken v.*

8    *Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010)) (holding that cause of

9    action is right to obtain redress for harm suffered, regardless of specific legal theory

10   or remedy sought).  The Petition in the State Case and the first cause of action in

11   this case allege the same cause of action, for an Equal Protection Clause violation,

12   based on the same alleged conduct, the Secretary's decision not to certify several of

13   Mr. De La Fuente's proposed presidential electors.  The theory is the same in both

14   cases, although the remedies sought differ between the two cases.  As shown above,

15   the difference in remedies sought does not mean that the causes of action in the two

16   cases are considered different for preclusion purposes.

17         *Second*, both cases involve the same two parties, Mr. De La Fuente and the

18   Secretary.

19         Regarding the *third* factor, "[i]t is settled that the doctrine of res judicata

20   applies to judgments on the merits in proceedings in mandamus." *Hollywood*

21   *Circle, Inc. v. Dept. of Beverage Control*, 361 P.2d 712, 715 (Cal. 1961).

22   California courts applying res judicata have found "no reason to distinguish

23   between actions and special proceedings . . . for purposes of res judicata if the

24   requirements of the doctrine are satisfied . . . " *Fed'n of Hillside and Canyon*

25   *Ass'ns*, 24 Cal. Rptr. 3d at 559; *Hi-Desert Med. Ctr.*, 190 Cal. Rptr. 3d at 914 n.13.

26   This absence of distinctions is equally true for cases brought in federal court under

27   42 U.S.C. § 1983; the judgment of a state court mandate proceeding bars a later 42

28   U.S.C § 1983 suit concerning the same injury from being brought in federal court.

6

1   *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850-52

2   (9th Cir. 1986). It is highly significant that the State Case was decided on the

3   merits. As noted above, the State Case Court read briefs about and heard oral

4   argument on the merits of the case and ruled accordingly. It makes no difference to

5   the preclusion analysis that the decision resulted from a petition for writ of

6   mandamus rather than a civil action started with a complaint. Here, as in *Takahashi*,

7   because Mr. De La Fuente had the opportunity to fully litigate his Equal Protection

8   Clause claim in state court, the redundant first cause of action here is barred by res

9   judicata.

10        *Finally*, the State Case has been fully resolved at the trial-court level. A state

11   court's decision on a writ petition has preclusive effect if the decision resolves all

12   matters in the proceeding. *Laraway v. Pasadena Unified Sch. Dist.*, 120 Cal. Rptr.

13   2d 213, 216 (Cal. Ct. App. 2002). The decision in the State Case resolved all

14   matters raised in the Petition, and Mr. De La Fuente waived any appeal, and so the

15   trial-court decision should be given preclusive effect.

16        Therefore, claim preclusion applies to bar Mr. De La Fuente's first cause of

17   action in the present case.

18   **II.   MR. DE LA FUENTE'S FIRST CLAIM IS BARRED BY ISSUE PRECLUSION**

19        Collateral estoppel, also known as issue preclusion, "precludes relitigation of

20   issues argued and decided in prior proceedings." *Lucido v. Super. Ct.*, 795 P.2d

21   1223, 1225 (Cal. 1990). "Collateral estoppel . . . is intended to preserve the

22   integrity of the judicial system, promote judicial economy, and protect litigants

23   from harassment by vexatious litigation." *Vandenberg v. Super. Ct.*, 982 P.2d 229,

24   237 (Cal. 1999).

25        Issue preclusion applies in a new case if five conditions are met:

26        (1) the issue is identical to that decided in a former proceeding;

27        (2) the same parties are involved as in the former proceeding;

28        (3) that issue was actually litigated in the former proceeding;

7

1  (4) the issue was necessarily decided in the former proceeding; and

2  (5) the decision was final and on the merits.

3  *Lucido*, 795 P.2d at 1225.

4  Much like the conditions to claim preclusion discussed above, all five of the

5  conditions to issue preclusion are met here:

6  *First*, as noted above, Mr. De La Fuente raises the same issue in the first cause

7  of action here as was raised in the State Case: whether the Secretary selectively

8  enforced California's election laws in declining to certify some of Mr. De La

9  Fuente's proposed presidential electors, and, if so, whether that selective

10  enforcement violated Mr. De La Fuente's right to equal protection of the laws.

11  *Second*, both cases have the same two parties, Mr. De La Fuente and the

12  Secretary.

13  *Third*, the selective-enforcement issue was explored in the State Case Petition,

14  in the Secretary's opposition, and at length during the oral argument. The issue was

15  actually litigated in the State Case.

16  *Fourth*, as to the question of whether the issue was necessarily decided, "[t]he

17  courts have previously required only that the issue not have been 'entirely

18  unnecessary' to the judgment in the initial proceeding." *Lucido*, 795 P.2d at 1226

19  (citation omitted). Given that, in the State Case, there was only one substantive

20  claim, the substantive issues within that lone claim had to be more than "not

21  entirely necessary" to the resolution of the case. With a singular claim, there was

22  no way to avoid those issues, which were fully vetted. While the Secretary also

23  argued that there was not enough time to implement the relief that Mr. De La

24  Fuente requested, the viability of that argument depended upon the related

25  substantive claim, which demanded that the Secretary, in effect, bypass the relevant

26  ballot-access statutes and immediately certify Mr. De La Fuente as a write-in

27  candidate.

28

8

1    *Fifth*, the State Case Court's denial of the Petition is a final decision on the

2    merits. "[F]or purposes of issue preclusion . . . 'final judgment' includes any prior

3    adjudication of an issue in another action that is determined to be sufficiently firm

4    to be accorded conclusive effect." *Border Bus. Park, Inc. v. City of San Diego*, 49

5    Cal. Rptr. 3d 259, 280 (Cal. Ct. App. 2006). The judgment in the State Case

6    became final and not appealable on February 13, 2017, when the deadline to appeal

7    passed.

8        If a case has met all of these conditions for an issue, then the court must

9    consider whether the application of issue preclusion is merited by the public-policy

10   considerations underlying collateral estoppel. Courts weigh the public policies

11   underlying the doctrine as well as the factors listed above. *Murray v. Alaska*

12   *Airlines, Inc.*, 237 P.3d 565, 577 (Cal. 2010). "Those policies include conserving

13   judicial resources and promoting judicial economy by minimizing repetitive

14   litigation, preventing inconsistent judgments which undermine the integrity of the

15   judicial system, and avoiding the harassment of parties through repeated litigation."

16   *Id.* The public-policy considerations underlying the doctrine of collateral estoppel

17   counsel in favor of applying the doctrine's preclusive effect here. Here, in three

18   ways, these public-policy considerations would be served by the application of

19   collateral estoppel:

20       *One*, judicial resources will be conserved if this Court does not revisit the

21   same question that the State Case Court decided.

22       *Two*, preclusion would avoid possible inconsistency between the decision in

23   the State Case and the decision that this Court might reach in the present case.

24       *Third*, the repeated litigation of Mr. De La Fuente's Equal Protection Clause

25   claim would be an inefficient use of the Court's and the parties' time and resources.

26       Therefore, issue preclusion applies to bar Mr. De La Fuente's first cause of

27   action in the present case. Issue preclusion is an alternative and sufficient basis to

28   dismiss Mr. De La Fuente's first cause of action.

9

**CONCLUSION**

The first cause of action that Mr. De La Fuente asserts in this case, the Equal Protection Clause claim, should be dismissed because the state court's decision in the State Case is a final adjudication on the merits of that claim, with preclusive effect.

Dated:  March 25, 2017

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
JONATHAN M. EISENBERG
Deputy Attorney General


/s/ Amie Medley
AMIE L. MEDLEY
Deputy Attorney General
*Attorneys for Alex Padilla, California Secretary of State*

10

# CERTIFICATE OF SERVICE

Case Name: **De La Fuente v. Alex Padilla (Election Certification Injunction)**

Case No. **2:16-cv-02877-JAM-GGH**

I hereby certify that on <u>March 27, 2017</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 27, 2017</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Paul A. Rossi, Esq.
IMPG Advocates, Inc.
873 East Baltimore Pike, Suite #705
Kennett Square, PA  19348

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 27, 2017</u>, at Los Angeles, California.

| Beth Capulong | /s/ Beth Capulong |
|---|---|
| Declarant | Signature |

52431429.doc