1  Scudi & Ayers, LLP
   Morgan J. C. Scudi
2  Lucas I. Mundell
   5440 Morehouse Dr. Suite 4400
3  San Diego, CA 92121
   Tel: (858) 558-1001
4  Fax: (858) 558-1122
   Email: Lucas@RDLFG.com
5  Attorneys for Plaintiff
   *Roque "Rocky" De La Fuente*

6

7

8

9                  IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                          (SACRAMENTO)

12  ROQUE "ROCKY" DE LA FUENTE,    )  **CASE     NO.2:16-cv-02877**
                                   )  **JAM-GGH**
13                                 )
              Plaintiff,           )  **PLAINTIFF'S OPPOSITION TO**
14                                 )  **DEFENDANT'S     MOTION    TO**
                                   )  **DISMISS AMENDED COMPLAINT**
15              v.                 )
                                   )
16                                 )
        ALEX PADILLA, California   )
17         Secretary of State,     )
                                   )
18                                 )
              Defendant.           )
19  _____ )

20

21

22

23

24

25

26

27

28

## Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . i

Table of Authorities  . . . . . . . . . . . . . . . . ii

      I.   Standard of Review  . . . . . . . . . . . 2

     II.  Plaintiff's Equal Protection Claim in
         Not Claim or Issue Precluded  . . . . . . . 3

Conclusion  . . . . . . . . . . . . . . . . . . . . 10

Exhibit A

Exhibit B

Proposed Order

Certificate of Service

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal,* . . . . . . . . . . . . . . . . . . .  2
  556 U.S. 662 (2009)

*Balistreri v. Pacifica Police Dept.,* . . . . . . . . . .  3
  901 F2d 696 (9th Cir. 1990)

Bell Atlantic Corp. V. Twombly, . . . . . . . . . . . . .  2
  550 U.S. 544 (2007)

*Goddard v. Security Title Ins. & Guarantee Co.,* . . . . .  5
  14 Cal.2d 47, 92 P.2d 804 (1939)

*Hi-Desert Med. Ctr. V. Douglas,* . . . . . . . . . . . . .  4
  190 Cal Rptr. 3d 897 (Cal. Ct. App. 2015)

*Hishon v. King & Spalding,* . . . . . . . . . . . . . . .  3
  467 U.S. 69 (1984)

*Hospital Bldg. Co. c. Rex Hosp. Trustees,* . . . . . . . .  3
  425 U.S. 738 (1976)

*Mendocino Environmental Center v. Mendocino County,* . . .  3
  14 F.3d 457 (9th Cir. 1994)

*NL Indus., Inc. v. Kaplan,* . . . . . . . . . . . . . . .  3
  792 F.2d 896 (9th Cir. 1986)

*Palmer v. Roosevelt Lake Log Owners Ass'n,* . . . . . . .  3
  651 F.2d 1289 (9th Cir. 1981)

*Parklane Hosiery Co. v. Shore,* . . . . . . . . . . . . .  5
  439 U.S. 322 (1979)

*Parks School of Business, Inc. v. Symington,* . . . . . .  3
  51 F.3d 1480 (9th Cir. 1995)

*Semtek Int'l Inc. v. Lockeed Martin Corp.,* . . . . . . 5, 6
  531 U.S. 497 (2001)

## Statutes

Fed.R.Civ.P. 12(b)(6) . . . . . . . . . . . . . 1, 2, 3, 8, 10

Fed.R.Civ.P. 8(a)(2)  . . . . . . . . . . . . . . . . . . 2

Fed.R.Civ.P. 41(b)  . . . . . . . . . . . . . . . . . . . 6

## Other Materials

18 C. Wright, A. Miller & E. Cooper, Federal Practice
and Procedure,  . . . . . . . . . . . . . . . . . . . . . 6
    § 4435 (1981

**INTRODUCTION**

Defendant filed a Notice of Motion and Motion to Dismiss plaintiff's amended complaint filed in the above captioned action under Fed.R.Civ.P 12(b)(6) averring that plaintiff's Equal Protection claim must be dismissed as claim and issue precluded.  Defendant's pending motion to dismiss plaintiff's amended complaint must be dismissed for the flowing reasons: (1) Plaintiff's Fourteenth Amendment claim under the Equal Protection Clause was not adjudicated on the merits in plaintiff's emergency state court election law action seeking mandamus relief, as the emergency election law action was denied for failure to join the Republican Party of California as a necessary party and there was not enough time left in the 2016 election calendar to join the alleged necessary party owing to the then pending certification of California's Electoral College membership.

Furthermore, in plaintiff's 2016 state election law action plaintiff was litigating an election law issue that arose in the 2016 presidential election where he was a declared candidate for President of the United States, and was seeking an immediate remedy in that election for which he had standing to raise.  Since the 2016 general election, plaintiff has announced that he is a candidate for President of the United States in the 2020 general election.  Before plaintiff announced that he was a candidate for President of the United States, plaintiff lacked standing to raise (in any court) the prospective equitable relief that plaintiff now advances in the instant action.

- 1 -

1    Accordingly, the doctrines of claim and issue
2  preclusion does not bar plaintiff's instant § 1983 equal
3  protection claim against defendant.

4                          **ARGUMENT**

5  **I.   Standard of Review.**

6    Under Federal Rule of Civil Procedure 8(a)(2), a pleading
7  must contain "'a short and plain statement of the claim
8  showing that the pleader is entitled to relief,' in order to
9  'give the defendant fair notice of what the . . .claim is and
10 the grounds upon which it rests.'"  *Bell Atlantic Corp. v.*
11 *Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).   In
12 *Twombly*, the Supreme Court explained that "[t]o survive a
13 motion to dismiss, a complaint must contain sufficient factual
14 matter, accepted as true, to 'state a claim to relief that is
15 plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,
16 677-78 (2009) citing *Twombly* 550 U.S. at 555. "The pleading
17 standard Rule 8 announces does not require 'detailed factual
18 allegations,' but it demands more than an unadorned, the-
19 defendant-unlawfully-harmed-me accusation.  *Id*.  "A pleading
20 that offers 'labels and conclusions' or 'a formulaic
21 recitation of the elements of a cause of action will not do."
22 *Id*.  "A claim has factual plausibility when the plaintiff
23 pleads factual content that allows the court to draw the
24 reasonable inference that the defendant is liable for the
25 misconduct alleged."  *Id*.

26    A dismissal under Federal Rule 12(b)(6) is only proper
27 where there is either a "lack of cognizable legal theory" or
28 "the absence of sufficient facts alleged under a cognizable

                                -2-

1  legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d
2  696, 699 (9th Cir. 1990).  A complaint, or portion thereof,
3  should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that
5  plaintiff can prove no set of facts in support of the claim or
6  claims that would entitle the plaintiff to relief.  *Hishon v.*
7  *King & Spalding*, 467 U.S. 69, 73 (1984) (citations omitted);
8  *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294
9  (9th Cir. 1981).  In reviewing a complaint under this standard,
10  the court must accept as true all material allegations, as
11  well  as  reasonable  inferences  to  be  drawn  from  such
12  allegations.   *Mendocino Environmental Center v. Mendocino*
13  *County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v.*
14  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Hospital Bldg. Co.*
15  *c. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976).  Furthermore,
16  the complaint must be construed in the light most favorable to
17  the plaintiff.  *Parks School of Business, Inc. v. Symington*,
18  51 F.3d 1480, 1484 (9th Cir. 1995).  Accordingly, the sole
19  issue  raised  by  a  12(b)(6)  motion  is  whether  the  facts
20  pleaded, if established, would support a claim for relief;
21  therefore, no matter how improbable those facts alleged are,
22  they must be accepted as true for purposes of the motion.
23
24  **II.  Plaintiff's Equal Protection Claim is Not Claim or**
25        **Issue Precluded.**
26        Plaintiff's  equal  protection  claim  for  prospective
27  equitable relief is not claim or issue precluded for the
28  simple reason that the dismissal of plaintiff's emergency

1  election law claim in state court for mandamus relief in the
2  2016 presidential election was not adjudicated on the merits
3  as required under California law to trigger "res judicata or
4  claim preclusion ." *Hi-Desert Med. Ctr. V. Douglas*, 190 Cal
5  Rptr. 3d 897, 910 (Cal. Ct. App. 2015) (citation omitted).
6  Plaintiff's instant equal protection claim seeks prospective
7  equitable relief enjoining defendant's conduct based on the
8  new fact that plaintiff has announced that he is a candidate
9  for president of the United States for the 2020 general
10  election, a fact which was not implicated in plaintiff's 2016
11  emergency state election law court action.

12      Plaintiff's 2016 state election law action for emergency
13  mandamus relief was dismissed by the state judge because he
14  determined that the Republican Party of California was a
15  necessary party to that action that had not been joined in the
16  action.  The judge further explained at the hearing conducted
17  in plaintiff's emergency state election law action that owing
18  to the fact that the certification of California's
19  presidential electors was imminent and because there was
20  insufficient time to join the Republican Party of California
21  and thereafter adjudicate plaintiff's claims in time for the
22  court to give meaningful relief prior to the date that
23  California was required to certify its presidential electors,
24  he would dismiss the case.  *See*, Exhibit A, Declaration of
25  Lucas Mundell, Esq. Moreover the judge in the state court
26  action made no specific reference as to any adjudication of
27  plaintiff's alleged Section 1983 claim in the state court
28  action - it was simply ignored after the judge determined that

-4-

1 | plaintiff failed to join the Republican Party of California as
2 | a necessary party to the 2016 state court election law action.
3 |     A final judgment on the merits does not occur when the
4 | case is settled by the parties on their own, or where the
5 | judge decides a motion or makes some other determination that
6 | does not resolve the case based on the facts and evidence of
7 | the case.  Dismissal of a case because the court does not have
8 | subject matter jurisdiction, because the service of process
9 | was improper, because venue was improper, or because a
10 | necessary party has not been joined, are not judgments on the
11 | merits giving rise to claim and/or issue preclusion.   As
12 | explained by the United States Supreme Court in *Semtek Int'l*
13 | *Inc. v. Lockeed Martin Corp.*, 531 U.S. 497 (2001), mere
14 | dismissal of a previous claim is not sufficient evidence that
15 | a previous claim was adjudicated on the merits. The Court
16 | explained in *Semtek* that:

> The prototypical judgment on the merits is one in which the merits of a party's claim are in fact adjudicated for or against the party after trial of the substantive issues.  And it is, we think, the meaning intended in those many statements to the effect that a judgment "on the merits" triggers the doctrine of res judicata or claim preclusion.  See e.g., *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n.5 (1979) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action"); *Goddard v. Security Title Ins. & Guarantee Co.*, 14 Cal.2d 47, 51, 92 P.2d 804, 806 (1939) ("[A] final judgment, rendered upon the merits by a court having jurisdiction of the cause….is a complete bar to a new suit between [the parties or their privies] on the same cause of action" (internal quotation marks and citations omitted)).

Semtek, 531 U.S. at 501-502.   However, the Court further recognized that as the meaning of the term has evolved over time even a "judgment on the merits" is no longer necessarily entitled to claim-preclusive effect.   *Id.* at 503.   The Court explained that a dismissal with prejudice is necessary is give a prior case preclusive effect.   *Id.* at 505.   The Court explained that a judgment dismissing a claim "with prejudice" is necessary to evince "[t]he intention of the court to make [the dismissal] on the merits."   "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice…."   *Id.*, *see also*, Fed.R.Civ.P 41(b); 18 Wright & Miller § 4435, at 329 n.4 (Both parts of Rule 41…use the phrase "without prejudice" as a contrast to adjudication on the merits).

Because plaintiff's action was dismissed for failure to join a necessary party, defendant's argument would clearly fail if plaintiff's prior action was a dismissal of a district court action as Fed.R.Civ.P 41(b) expressly excludes a dismissal for failure to join a party under Rule 19 from the universe of dismissals which operate as an adjudication on the merits.   *See* Fed.R.Civ.P. 41(b).   No court case has ever extended the doctrines of issue or claim preclusion to preclude a new federal action where a state court case was dismissed for failure to join a necessary party.   In fact, there is no California case which would preclude re-litigation in state court of a prior state-court claim dismissed for failure to join a necessary party.

1        Judge Michael P. Kenny of the Superior Court of the State
2   of California issued an Order denying plaintiff's ex parte
3   emergency petition for *Writ of Mandamus* and application for
4   calendar preference without expressly denominating the denial
5   as a dismissal with prejudice. *See*, Exhibit B.  Accordingly,
6   the dismissal of plaintiff's 2016 state court election law
7   action must be construed as a dismissal without prejudice
8   which is not an adjudication of the case on the merits, and
9   is, therefore not entitled to res judicata and claim-
10  preclusive effect.

11       Dismissal of the 2016 state election law case without
12  prejudice is wholly consistent with the procedural posture of
13  the state case at the time of dismissal.  It is clear that
14  Judge Kenny's denial of plaintiff's emergency election law
15  petition was akin to a dismissal on the pleadings and was not
16  a dismissal on the merits of plaintiff's underlying claims.
17  First, as the court is well aware, success on an emergency
18  petition for mandamus implicates a higher burden of proof than
19  a simple adjudication of the merits of the underlying claim.
20  A court can properly refrain from granting requested emergency
21  mandamus action without deciding or adjudicating the final
22  merits of the underlying claim. Denial of an emergency
23  petition for mandamus is wholly different than a final
24  adjudication of the merits of the underlying claim(s).
25  Second, initial denial of an emergency mandamus action has no
26  more claim-preclusive effect that a district court's denial of
27  a preliminary injunction or temporary restraining order.
28  Third, there was no discovery and no trial on the merits in

1  plaintiff's state court petition for emergency mandamus
2  relief, which is a necessary predicate to a full-blown final
3  adjudication on the merits.  Finally, as noted above, Judge
4  Kenny failed to dismiss the action with prejudice which, for
5  purposes of res judicata and claim preclusion analysis, is
6  outcome determinative. Furthermore, as this Court also well
7  aware, failure to appeal a court's denial of emergency relief
8  does not implicate or trigger res judicata or claim preclusion
9  as to the denied preliminary relief that was requested by
10 plaintiff.[1]    Accordingly, defendant's motion to dismiss
11 plaintiff's equal protection claim under Fed.R.Civ.P. 12(b)(6)
12 based on issue and claim preclusion must be denied.

13      Equally detrimental to defendant's pending motion to
14 dismiss, plaintiff's current claim is based on the new fact
15 that he has announced that he is a candidate for President of
16 the United States in the upcoming 2020 general election.
17 Plaintiff is seeking prospective equitable relief protecting
18 his rights for the 2020 general election rather than emergency
19 action to compel defendant to count the votes cast
20 for plaintiff in the 2016 general election, which was the
21 narrow emergency remedy sought in plaintiff's 2016 state law
22 action.  Prior to plaintiff's announcement that he will be a
23 candidate for President of the United States in the 2020
24 general election, plaintiff did not have standing to seek a
25

---

26 [1] Plaintiff's emergency state court election law action for mandamus
   relief was filed for the sole purpose of obtaining relief for the 2016
27 general election.  No appeal was taken owing to the fact that the 2016
   election had already occurred, accordingly, there was no mandamus relief
   that could be sought for the 2016 general election  after the 2016
28 general election had already occurred and the Electoral College had been
   certified and was set to meet on December 19, 2016.

1  remedy against defendant for the 2020 general election.   In
2  2016, plaintiff only had standing to seek a remedy to fix
3  defendant's refusal to count the votes cast for plaintiff in
4  the 2016 general election.   Plaintiff did not have standing,
5  prior to his announcement that he will be a candidate for
6  President of the United States in the 2020 general election,
7  to seek a remedy binding defendant's conduct in the 2020
8  general election.

9      Additionally, plaintiff's instant claim for prospective
10  equitable relief based on the Equal Protection Clause newly
11  alleges that  defendant engaged in an impermissible animus
12  toward plaintiff necessary to properly plead a class-of-one
13  equal protection violation that was not made part of
14  plaintiff's 2016 emergency state election law claim for
15  mandamus relief.

16      No court has ever extended the doctrines of claim and
17  issue preclusion to bar litigation of new claims based on new
18  facts that arise after the conclusion of the prior action.
19  Furthermore, no court has ever extended the doctrines of claim
20  and issue preclusion to bar litigation of new claims where the
21  plaintiff lacked standing to advance such claims in a prior
22  litigation.   Defendant's invitation to this Court to radically
23  expand the well-settled doctrines of claim and issue
24  preclusion should be declined by this Court.

25      Accordingly, while the state law equal protection law
26  claim is styled in the same manner as the instant federal
27  claim, plaintiff's 2016 state law action is not the same claim
28  based on the same facts and allegations as the one now raised

-9-

1  in this litigation.

2      For all the foregoing reasons, defendant's motion to

3  dismiss plaintiff's equal protection claims must be denied.

4                          **CONCLUSION**

5      For all the foregoing stated reasons, defendant's motion

6  to dismiss plaintiff's claims under Fed.R.Civ.P 12(b)(6) must

7  be denied because plaintiff's 2016 emergency election law

8  action was not a final adjudication on the merits and

9  plaintiff's instant action seeks a remedy based on new facts

10 which were not part of the plaintiff's 2016 emergency state

11 election action.

12 Dated: April ___, 2016        Respectfully submitted,

13

14                              **/s/ Lucas Mundell**

15                              SCUDI & AYERS, LLP
                                Morgan J.C. Scudi
16                              Lucas I. Mundell
                                *Attorneys for Plaintiff*
17

18

19

20

21

22

23

24

25

26

27

28

- 10 -