IMPG Advocates, Inc.
Paul A. Rossi (Pa. Bar I.D. #84947 )
Admission *Pro Hac Vice*
873 East Baltimore Pike
Suite #705
Kennett Square, PA  19348
Ph:  (717)  961-8978
Fx:  (717) 898-9302
*Attorney for Plaintiff*
*Roque "Rocky" De La Fuente*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| ROQUE "ROCKY" DE LA FUENTE | : |
|---|---|
|  | : 2:16-cv-02877-JAM-GGH |
| Plaintiff, | : |
|  | : |
| v. | : **PLAINTIFF'S RESPONSE** |
|  | : **EQUAL PROTECTION CLAIM** |
| ALEX PADILLA, in his official capacity as | : **STANDING** |
| The Secretary of State of the | : |
| State of California | : |
|  | : May 9, 2017 |
| Defendant. | : |

**PLAINTIFF'S RESPONSE**

I. <u>STANDING</u>

As this Court is well aware, the United States Supreme Court has established a three-part test for standing which has become a well-worn legal incantation. The "irreducible constitutional minimum of standing" requires the plaintiff to establish:

> First…an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent," not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by the favorable decision."

*Summer v. Earth Island Institute*, 129 S.Ct. 1142, 1148-49 (2009); *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 340-41 (2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Court has also articulated several "prudential" standing requirements, none of which, on their face, apply to bar plaintiff's standing to maintain his equal protection claim.

II. <u>PLAINTIFF'S RESPONSE</u>

    A. <u>Question Presented</u>

This Court ordered the parties to respond to the Court's open skepticism concerning Plaintiff's standing to maintain his current equal protection claim against Defendant Padilla resulting from Defendant accepting candidate Trump's 2016 presidential electors who failed to conform to California's various presidential elector qualification requirements that Defendant employed to disqualify Plaintiff's presidential electors in the 2016 general election. The Court expressly excluded from further briefing Plaintiff's federal constitutional claim challenging the various additional qualifications that California places on presidential electors in violation of the

presidential elector qualification clause set forth in Article II, § 1, cl. 2 of the United States Constitution.

      B.      <u>Equal Protection Claim Standing Analysis</u>

Plaintiff clearly has satisfied the first two prongs of the standing analysis under *Lujan*. Defendant's unequal application of California law resulted in Plaintiff being excluded from the 2016 California presidential general election and prevented any vote cast for Plaintiff for president from being counted in California's official election results. Plaintiff's exclusion from California's 2016 presidential general election constitutes an actual harm sufficient to satisfy the first prong of the *Lujan* analysis. The facts also clearly support that Defendant's conduct is the sole and direct result of Plaintiff's exclusion from the 2016 general election ballot in satisfaction of the second prong of the *Lujan* analysis.

As a result, resolution of the issue as to whether or not Plaintiff has standing to maintain his equal protection claim against Defendant, as currently drafted in Plaintiff's amended complaint, turns entirely on the issue of redressability. On this issue, Plaintiff concedes that this Court cannot provide complete redress to Plaintiff for Defendant's conduct during the 2016 general election.

The 2016 election is over, and this Court cannot reasonably force California to include votes cast for Plaintiff in the 2016 general election in California's official election results, or that such an order would remedy the full extent of the harm that Defendant inflicted on Plaintiff, which included the exclusion of Plaintiff's name as a write-in candidate at each of the polling stations. Defendant's action to exclude Plaintiff's name at each polling station invariably cost Plaintiff votes that cannot now be counted and included in California's official election results.

Accordingly, this Court cannot provide Plaintiff complete relief under Plaintiff's equal protection claim as the amended complaint is currently drafted.

Plaintiff would have standing to maintain his equal protection claim against Defendant Padilla at this time, if and only if, Plaintiff further amends the amended complaint filed in this action to sue Defendant Padilla in his individual capacity, in addition to his official capacity, with a view toward piercing Defendant Padilla's qualified immunity to seek monetary damages directly against Defendant.

Plaintiff's research shows that there is ample case law to clearly establish that Defendant Padilla knew, or should have known, that his conduct violated basic and well-established precepts of equal protection sufficient to pierce Defendant's qualified immunity. And while Plaintiff can demonstrate some small quantum of economic damage as a direct and proximate result of Defendant's conduct, it is not clear that Plaintiff has suffered sufficient economic damages to warrant the expense of litigating that issue in this Court at this time.

The real remedy that Plaintiff desires in this action is the prospective equitable relief of declaratory and injunctive relief establishing that Defendant's enforcement of the additional qualifications that California places on presidential electors violates the presidential elector qualification clause of Article II, § 1, cl.2 of the United States Constitution. This Court can, however, provide complete relief as to the future rules that California must abide by in the 2020 presidential general election – relief directly tied to plaintiff's claim under the presidential qualification clause of Article II of the U.S. Constitution and Plaintiff's announced candidacy in that election.

Accordingly, Plaintiff does not oppose the dismissal of Plaintiff's equal protection claim, without prejudice, from Plaintiff's amended complaint. Consistent with the foregoing, Plaintiff will file a motion for leave to file a second amended complaint to sharpen Plaintiff's requested relief for the remaining claims in light of the anticipated dismissal of Plaintiff's equal protection claim.

## CONCLUSION

For all the foregoing stated reasons, Plaintiff does not oppose or contest the dismissal of Plaintiff's equal protection claim made part of Plaintiff's amended complaint.

Respectfully submitted,

Dated: May 9, 2017          By:      *s/ Paul A. Rossi*
                                     Paul A. Rossi
                                     Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jonathan Michael Eisenberg
Office of the Attorney General
Government Law Section
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Phone:  213-897-6505
Fax:  213-897-5775
Email:  jonathan.eisenberg@doj.ca.gov

Amie L. Medley
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
Phone:  213-576-7476
Fax:  213-897-5775
Email:  Amie.Medley@doj.ca.gov

By:   *s/ Paul A. Rossi*
       Paul A. Rossi
       Attorney for Plaintiff