XAVIER BECERRA, State Bar No. 118517
Attorney General of California
STEPAN A. HAYTAYAN, State Bar No. 205457
Supervising Deputy Attorney General
AMIE L. MEDLEY, State Bar No. 266586
Deputy Attorney General
JONATHAN M. EISENBERG, State Bar No. 184162
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-6505
 Fax: (213) 897-5775
 E-mail: Jonathan.Eisenberg@doj.ca.gov
*Attorneys for Alex Padilla,
California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE,<br><br>Plaintiff,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as the Secretary of State of the State of California,<br><br>Defendant. | 2:16-cv-02877-JAM-GGH<br><br>**DEFENDANT CALIFORNIA SECRETARY OF STATE ALEX PADILLA'S RESPONSIVE POST-HEARING BRIEF REGARDING STANDING ISSUES AND APPROPRIATENESS OF INJUNCTIVE RELIEF**<br><br>Dept: 6<br>Judge: Honorable John A. Mendez<br>Trial Date: None Set<br>Action Filed: 12/7/2016 |

Defendant Alex Padilla, California Secretary of State (the "Secretary"), submits the following response to the May 9, 2017, filing herein of Plaintiff Roque "Rocky" De La Fuente ("De La Fuente") regarding his standing to pursue claims of two federal constitutional violations in the Secretary's administration of the 2016 California General Election for President of the United States.

The Secretary understands and acknowledges that De La Fuente is abandoning his claim herein under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Therefore, the Secretary will not address that claim further. Instead, the Secretary will discuss De

La Fuente's sole remaining claim, made under the Elector Qualification Clause (art. II, § 1, cl. 2) of the Constitution, which claim De La Fuente lacks standing to pursue, and which claim is also untenable as a matter of law.

Under the Elector Qualification Clause, each U.S. state, as directed by its legislature, has the power to appoint the state's electors for President of the United States. "The Federal Constitution . . . leaves it to the state Legislature to define the method of effecting the object" of choosing the presidential electors from that state. *Walker v. United States*, 93 F.2d 383, 388 (8th Cir. 1937) (*citing McPherson v. Blacker*, 146 U.S. 1, 10 (1892) (holding that the state's power in this area is exclusive)). In facilitating this process, the state legislature is potentially limited by its state's constitution, but not by the Elector Qualification Clause, other than the latter's exclusion of a potential elector who holds a federal office of trust of profit. *Bush v. Palm Beach Cnty. Canvassing Bd.*, 531 U.S. 70, 76 (2000).

That law as applied to the facts of this case establishes that De La Fuente lacks standing to bring a claim against the Secretary for alleged violation of the Elector Qualification Clause. As just shown, the California Legislature has the power to establish the process for appointing presidential electors and to define the Secretary's role in that process. The only possible area for De La Fuente to attack using the Elector Qualification Clause would involve the rule forbidding a presidential elector to hold a federal office of trust or profit. But since De La Fuente has voluntarily abandoned his equal-protection claim making such factual allegations, there is no longer (and could not truthfully be) any allegation that there has been a violation of that rule. With the lone potential area of Elector Qualification Clause attack abandoned, De La Fuente has no (and could not truthfully articulate a) coherent allegation of any violation of that part of the Constitution. Obviously, and per the three-part standing test stated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), De La Fuente cannot have suffered an injury-in-fact from alleged conduct that does not violate that law. And even if, somehow, there was a cognizable injury-in-fact, it could not be fairly traceable back to misconduct by the Secretary, because there is no such misconduct, as there has been no violation of the law. It follows further that there can be no lawful remedy for alleged conduct of the Secretary that did not violate that law. In sum, all three

parts of the basic *Lujan* standing test resolve against De La Fuente and in favor of the Secretary. Finally, there are no additional, prudential considerations weighing in favor of De La Fuente and against the Secretary.

      This Court should dismiss De La Fuente's Elector Qualification Clause claim, which is the only remaining claim, meaning that the whole case should be dismissed.

Dated: May 16, 2017

Respectfully Submitted,
XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General
AMIE L. MEDLEY
Deputy Attorney General

*/s/ Jonathan M. Eisenberg*
JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Alex Padilla,
California Secretary of State*